# Illinois Official Reports

## Appellate Court

---

*In re Marriage of Little*, 2014 IL App (2d) 140373

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF CHERI LITTLE, Petitioner-Appellee, and DONALD LITTLE, Respondent-Appellant. |
| District & No. | Second District<br>Docket No. 2-14-0373 |
| Filed | December 22, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's dismissal of respondent's petition to vacate the parties' marital settlement agreement pursuant to section 2-1401 of the Code of Civil Procedure was reversed and the cause was remanded for further proceedings, since the petition was sufficient to state a claim for relief based on the allegations that petitioner failed to disclose the assistance petitioner provided to her brother in establishing his business during the parties' marriage and respondent exercised due diligence in presenting his claim to the trial court in the original action and in filing his petition. |
| Decision Under Review | Appeal from the Circuit Court of Kendall County, No. 10-D-240; the Hon. Marcy L. Buick, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Theresa A. McAdams, of McAdams & Associates, P.C., of Yorkville, for appellant.<br><br>Richard M. Ferguson and Thomas E. St. Jules, both of Dreyer, Foote, Streit, Furgason & Slocum, P.A., of Aurora, for appellee. |

Panel                         JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Presiding Justice Schostok and Justice Hutchinson concurred in the judgment and opinion.

**OPINION**

¶ 1      Respondent, Donald Little, appeals from the dismissal of his petition under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2012)), in which he sought to vacate a marital settlement agreement (MSA) with petitioner, Cheri Little. Donald argues that the trial court erred in dismissing his petition, because the allegations of his petition, when viewed in the light most favorable to him, are sufficient to state a claim for relief under section 2-1401 of the Code. For the reasons that follow, we reverse and remand for further proceedings.

¶ 2      On June 23, 2010, Cheri petitioned for the dissolution of her marriage to Donald. On October 10, 2012, the marriage was dissolved. The judgment of dissolution incorporated an MSA, which divided the assets and liabilities of the parties. In the MSA, Donald waived any interest in "Wife's present or future interest in the marital business, formerly known as D&K Plastics."

¶ 3      On May 7, 2013, Donald filed a petition to vacate the MSA under section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2012)). In the petition, as amended, Donald alleged that, while the dissolution proceedings were pending, Cheri transferred assets belonging to the marital business, D&K Plastics, to her brother, Glen Dieter, and his company, Hydro-Master Parts Corp., with which she became involved. Donald alleged that Cheri testified to the contrary during the dissolution proceedings:

> "10. Specifically, Cheri stated, under oath, in relevant part, the followings [*sic*]:
>
> Q[.] What, if anything, did you have brought over or transferred from the Route 47 location [D&K Plastics] to where Hydro Plastics [*sic*] is right now?
>
> A[.] I didn't have anything transferred.
>
> Q[.] Did you gift or give any of these things to your brother, who is now president of that company?
>
> A[.] Not that I know of, no.
>
> Q[.] What have you done to help your brother run that company?
>
> A[.] Bring in lunch."

Donald maintained that he first learned of the transfer and of Cheri's involvement in the company after the dissolution, when Cheri filed a two-count complaint, alleging breach of contract and detinue, against Dieter, Tyson Schmidt, and Hydro-Master Parts. Donald alleged as follows:

"17. On February 15, 2013, Cheri filed a Complaint against Glen Dieter, Tyson Schmidt, and Hydro-Master Parts, in Kendall County under case number 2013 L 23, wherein she alleges Rescission-Breach of Contract and Detinue.

18. Cheri alleges, under oath and contrary to her February 1, 2012, in-court testimony that she helped form 'Hydro-Master' in August of 2011, with a 40% ownership, which she would receive said 40% ownership interest upon the completion of her then pending divorce proceedings.

19. Thus, Cheri acquired her 40% ownership in Hydro-Master Corporation *during her marriage*, however, Cheri willfully failed or refused to list this marital asset in any discovery and lied under oath regarding her interest in the business to avoid Donald receiving his 'just proportion' of this marital asset.

20. Also, she alleges in her complaint she [ ]worked for Hydro-Master, in her typical D&K capacity, from September 2012 [*sic* 2011] through March 2012." (Emphasis in original.)

Thus, Donald argued that he had a meritorious claim, as he was entitled to an equitable distribution of the marital portion of Hydro-Master Parts and to a redetermination of the equitable distribution of other marital assets, due to Cheri's dissipation of D&K Plastics' assets.

¶ 4        Donald further argued that he exercised due diligence in discovering the claim in the original action and in filing the petition to vacate. Donald set forth numerous actions that he took in an attempt to discover the claim. Donald alleged that he (1) filed a motion to return personal/marital property; (2) reviewed Cheri's December 1, 2010, comprehensive financial statement; (3) obtained a court order prohibiting Cheri from transferring property; (4) served Cheri with a notice to produce and marital interrogatories; (5) sent a letter under Illinois Supreme Court Rule 201(k) (eff. Jan. 1, 2013); (6) conferred with Cheri's counsel; (7) filed a petition for a rule to show cause against Cheri for her failure to provide an accounting for the funds from the sale of business equipment; (8) reviewed Cheri's January 18, 2012, comprehensive financial statement; (9) obtained Cheri's sworn testimony that she did not transfer any assets to Dieter and did not have any involvement in his business; (10) sent a subpoena *duces tecum* to Old Second National Bank for documents relating to Dieter and his company; (11) fought Dieter's motion to quash the subpoena and eventually obtained a court order to review the requested documents; and (12) paid almost $11,000 to private investigators in an attempt to determine whether Cheri had dissipated any marital assets or whether she was involved in Hydro-Master Parts. Concerning his diligence in filing the petition to vacate, Donald alleged that he first learned of the claim on May 1, 2013, after Cheri filed her complaint in February 2013, and that he filed his original petition to vacate on May 7, 2013.

¶ 5        On November 25, 2013, Cheri moved to dismiss Donald's second amended petition, under section 2-615 of the Code (735 ILCS 5/2-615 (West 2012)).[1] Cheri argued that Donald failed to state a meritorious claim, because he failed to allege facts showing that Cheri had any ownership interest in Hydro-Master Parts that could be divided as a marital asset. She

---

[1]Cheri argued that Donald's second amended petition raised arguments identical to those contained in his first amended petition, which had been dismissed without prejudice on October 11, 2013. Thus, in support of her motion to dismiss Donald's second amended petition, she relied on the arguments set forth in her previous motion to dismiss.

maintained further that, even if she had such an interest, Donald waived any claim to it in the MSA. Cheri also argued that Donald failed to allege facts showing that he exercised due diligence in presenting the claim in the original action. According to Cheri, even though Donald suspected Cheri's involvement in Hydro-Master Parts and took numerous actions to determine her involvement, he neglected to depose Dieter or Schmidt, he waived his right to a bench trial, and he freely and voluntarily entered into the MSA, wherein he waived his rights to Cheri's interest in D&K Plastics. Cheri also argued that Donald's claim that Cheri fraudulently concealed marital assets was contradicted by Cheri's October 27, 2010, comprehensive financial statement, wherein her interest was disclosed.

¶ 6    Following a hearing, the trial court granted Cheri's motion to dismiss, with prejudice. Donald timely appealed.

¶ 7    Donald argues that the trial court erred in granting Cheri's motion to dismiss his petition to vacate the MSA, because the allegations of his petition, when viewed in the light most favorable to him, are sufficient to state a claim for relief under section 2-1401. We agree.

¶ 8    As an initial pleading, a section 2-1401 petition is the procedural counterpart of a complaint and subject to all the rules of civil practice that that character implies. *People v. Vincent*, 226 Ill. 2d 1, 15 (2007). A motion to dismiss under section 2-615 attacks the legal sufficiency of the complaint on the basis that, even assuming the allegations of the complaint are true, the complaint fails to state a cause of action that would entitle the plaintiff to relief. 735 ILCS 5/2-615 (West 2012). On a section 2-615 motion, the relevant question is whether, taking all well-pleaded facts as true, the allegations in the complaint, construed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted. *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 47. A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved that will entitle the plaintiff to recover. *Khan*, 2012 IL 112219, ¶ 47.

¶ 9    To obtain relief under section 2-1401, a petitioner must affirmatively set forth specific factual allegations supporting: (1) the existence of a meritorious defense or claim against the judgment; (2) due diligence in presenting the defense or claim to the trial court in the original action; and (3) due diligence in filing the petition. *In re Marriage of Roepenack*, 2012 IL App (3d) 110198, ¶ 30. The purpose of a section 2-1401 petition for relief from judgment is to raise facts that, if known at the time of judgment, would have prevented its entry. *Id*. A section 2-1401 petition is subject to a motion to dismiss where it either fails to state a cause of action or shows on its face that the petitioner is not entitled to relief. *Ostendorf v. International Harvester Co*., 89 Ill. 2d 273, 279-80 (1982). We review *de novo* the trial court's dismissal of a section 2-1401 petition. *Vincent*, 226 Ill. 2d at 14-18.

¶ 10    We first consider whether, viewing the petition in the light most favorable to Donald, Donald alleged the existence of a meritorious claim. Donald argues that, under section 503(d) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/503(d) (West 2012)), which requires the trial court to divide the marital estate in "just proportions," he has a claim to Cheri's interest in Hydro-Master Parts. In response, Cheri argues that Donald failed to allege facts establishing that Cheri had an ownership interest in Hydro-Master Parts that could be divided as a marital asset. Further, Cheri argues that, even if she had an interest in Hydro-Master Parts, Donald has no claim to it because he "voluntarily and unequivocally waived any such interest or claim within the [MSA]."

¶ 11    We find that Donald's allegations were sufficient to allege the existence of a meritorious claim. Donald alleged that, based on Cheri's allegations in her complaint, Hydro-Master Parts was created during the parties' marriage with marital assets and Cheri's efforts, and Cheri was to receive a 40% ownership interest upon completion of the divorce proceedings. Taking this allegation as true, it is sufficient to establish a meritorious claim. As Donald notes, had Cheri worked at a job during the marriage but received her paycheck only after the divorce, the money earned during the marriage would be a marital asset. See, *e.g.*, *In re Marriage of Shores*, 2014 IL App (2d) 130151, ¶¶ 33-36 (benefit earned during marriage but received after dissolution is marital unless entitlement was speculative until received). As framed by Donald's petition, the present case is no different. Further, although Cheri argues that Donald waived his interest in Hydro-Master Parts, the MSA does not mention any such interest. Thus, Donald has stated a claim to the alleged marital asset.

¶ 12    We next consider whether Donald sufficiently alleged due diligence in presenting the claim to the trial court in the original action. In his petition, Donald listed the many steps that he took to determine whether Cheri had any interest in Hydro-Master Parts. He alleged that he settled the case because Cheri testified that she did not transfer any marital assets to Hydro-Master Parts and had no interest in the company. Cheri argues that Donald was not diligent, because he failed to depose Dieter and Schmidt and because he waived his right to a bench trial at which he could have confronted Cheri about her alleged ownership in Hydro-Master Parts.[2]

¶ 13    We find that Donald sufficiently alleged due diligence in presenting the claim to the trial court in the original action. In light of the many steps that Donald allegedly took to discover his claim, we cannot hold that his failure to take the additional steps that Cheri identifies defeats his claim of diligence as a matter of law. At most, Cheri's arguments raise questions of fact on the issue of Donald's diligence, which cannot be resolved on a section 2-615 motion to dismiss. *Lee v. City of Decatur*, 256 Ill. App. 3d 192, 195 (1994) ("Questions of fact can never be resolved in a section 2-615 motion."). This is especially so in light of the fact that Cheri testified that she did not transfer marital assets to Dieter and that her only involvement in Hydro-Master Parts was to "[b]ring in lunch," while Dieter maintained, in a motion to quash a subpoena sent to Hydro-Master Parts' bank, that Cheri had no ownership interest in Hydro-Master Parts. As Donald notes, those events cast doubt on whether the additional steps would have revealed the claim. Accordingly, we find that Donald's petition sufficiently alleged that he was diligent in presenting the claim to the trial court in the original action.

¶ 14    Finally, we consider whether Donald sufficiently alleged due diligence in filing the petition to vacate. "A petitioner must file [his] petition without undue delay after becoming aware of the factual basis for a petition." *People v. Davis*, 2012 IL App (4th) 110305, ¶ 20. Cheri maintains that, because Donald's petition was "based upon information that Donald *** was clearly aware of" during the dissolution proceedings, the filing of the original petition seven months after the dissolution cannot be found diligent. Thus, Cheri's argument is premised on Donald's supposed knowledge of her alleged interest in Hydro-Master Parts during the proceedings. However, Donald clearly alleged in his petition that he did not learn of Cheri's

_____

[2]Cheri also asserts that her October 27, 2010, comprehensive financial statement defeats Donald's contention that she fraudulently concealed "D&K Plastics." However, Donald's claim is that Cheri concealed her interest in Hydro-Master Parts, not any interest in D&K Plastics.

interest in Hydro-Master Parts until May 1, 2013, after she filed her complaint on February 15, 2013. He filed his original petition six days later. Clearly, then, Donald alleged diligence in filing the petition. See *G.M. Sign, Inc. v. Schane*, 2013 IL App (2d) 120434, ¶ 42 (due diligence established where the petition was filed within 30 days of discovering the facts on which the petition was based).

¶ 15 For the reasons stated, we find that the allegations of Donald's petition are sufficient to state a claim for relief under section 2-1401. Accordingly, we reverse the trial court's dismissal of the petition under section 2-615, and we remand for further proceedings. We reiterate that we are holding only that Donald's petition is sufficient to survive a motion to dismiss under section 2-615 and that we are remanding for further proceedings as would be appropriate for any civil complaint. See *Vincent*, 226 Ill. 2d at 8. We are not articulating any holding on the ultimate merits of Donald's claim for relief under section 2-1401.

¶ 16 Reversed and remanded.